THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SF-BAU PLOIESTI S.R.L., <br><br> Petitioner, <br><br> vs. <br><br> RAYTHEON ENGINEERS & CONSTRUCTORS INTERNATIONAL, INC., <br><br> Respondent. | C.A. NO. _____ <br><br> 04-11806 WGY |

**PETITION TO CONFIRM FOREIGN ARBITRAL AWARD**

SF-Bau Ploiesti S.R.L., hereby petitions the Court pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. §207, to confirm a final foreign arbitral award dated February 9, 2004 (the "Award"), rendered in an arbitration between petitioner, SF-Bau Ploiesti S.R.L., and respondent, Raytheon Engineers and Constructors International, Inc., and aver in support thereof the following:

### I.  SUBJECT MATTER JURISDICTION

1.  This Court has subject matter jurisdiction under Section 203 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §203, which is part of Congress' enactment into law of the Convention on the Recognition of Foreign Arbitral Awards ("Convention").[1] The Award sought to be confirmed is subject to the Convention pursuant to Article I, Section I of the Convention, and 9 U.S.C. §202, in that the arbitration involved petitioner, SF-Bau Ploiesti S.R.L. ("SF-Bau Ploiesti"), a foreign corporation organized and existing under the laws of

---

[1] The Convention on the Recognition and Enforcement of Foreign Arbitral Awards is commonly referred to as "The New York Convention."

MCT/137417.5

Romania, and respondent, Raytheon Engineers and Constructors International, Inc. ("RECI"), a domestic corporation which is a wholly owned subsidiary of Raytheon Company ("Raytheon Company"). RECI and Raytheon Company are corporations organized and existing in the United States. The Award arises out of a commercial contractual relationship between SF-Bau Ploiesti and RECI involving a Lease Agreement for commercial property located in Ploiesti, Romania (the "Property"). See Affidavit of Certification by Dr. Georg Diwok, attached as Exhibit 1 ("Diwok Affidavit").

2. Accordingly, this Court has subject matter jurisdiction pursuant to 9 U.S.C. §203 and 28 U.S.C. §1331.

## II.     PERSONAL JURISDICTION AND VENUE

3. Pursuant to Section 204 of the FAA, 9 U.S.C. §204, this Court has personal jurisdiction and venue is proper in this Court.

4. Raytheon Engineers and Constructors S.R.L. ("RE&C S.R.L."), upon information and belief, a wholly owned Romanian subsidiary of Raytheon Engineers and Constructors, Inc. ("RE&C"), a wholly owned United States subsidiary of the respondent, RECI, entered into a Lease Agreement for the Property with the petitioner, SF-Bau Ploiesti, as Lessee and Lessor, respectively. The Lease Agreement was also signed by SF-Bau Ploiesti's parent, SF-Bau Drei Vermögensverwaltung GmbH. A Lease Guarantee was issued by RECI as Guarantor in favor of SF-Bau Ploiesti and SF-Bau Ploiesti's parent, SF-Bau Drei Vermögensverwaltung GmbH as Guarantees.

5. At the time of the execution of both the Lease Agreement and Lease Guarantee, RE&C was a subsidiary of the respondent, RECI. RECI is a Delaware corporation and maintains a principal place of business in Lexington, Massachusetts. See Ex. C to Diwok Affidavit.

6. RECI is, upon information and belief, a wholly owned subsidiary holding company of Raytheon Company. Raytheon Company maintains its principal place of business at 125 Spring Street, Lexington, Massachusetts, USA.

7. Pursuant to the terms of the Lease Agreement, SF-Bau Ploiesti and RE&C S.R.L. agreed that "[a]ll disputes arising out of or in connection with the Lease Agreement shall be finally settled under the rules of arbitration of the International Chamber of Commerce by 3 arbitrators appointed in accordance with said rules." *See* Ex. A to Diwok Affidavit.

8. The Lease Guarantee, signed by the respondent, also provides that the parties' would resolve all disputes pursuant to the rules of arbitration of the International Chamber of Commerce. *See* Ex. B to Diwok Affidavit.

9. The matter was arbitrated pursuant to the agreed upon terms of the Lease Agreement and Lease Guarantee before the International Chamber of Commerce International Court of Arbitration ("ICC International Court of Arbitration") in Zurich, Switzerland. On February 9, 2004, an Award was rendered under the ICC reference No. 11995/DK in favor of SF-Bau Ploiesti. *See* Ex. C to Diwok Affidavit.

10. SF-Bau Ploiesti now brings this Petition before the United States District Court for the District of Massachusetts because Massachusetts is the principal place of business of both RECI and its parent, Raytheon Company.

### III.   PARTIES

11. Petitioner, SF-Bau Ploiesti, is a foreign corporation organized and existing under the laws of Romania, with a principal place of business in Romania. SF-Bau Ploiesti is the wholly owned subsidiary of SF-Bau Drei Vermögensverwaltung GmbH, a corporation organized and existing under the laws of Austria, with a principal place of business in Austria.

12. The respondent, Raytheon Engineers and Constructors International, Inc. ("RECI"), is a Delaware corporation with a principal place of business at 125 Spring Street, Lexington, Massachusetts. RECI, upon information and belief, is the wholly owned subsidiary of Raytheon Company, a corporation organized and existing under the laws of Delaware with a principal place of business in Massachusetts.

## IV.  BACKGROUND

13. On October 12, 1998, the petitioner, SF-Bau Ploiesti as Lessor and RECI's subsidiary RE&C S.R.L as Lessee, entered into a Lease Agreement ("Lease Agreement") by which SF-Bau Ploiesti agreed to construct an office building and parking lots in Ploiesti, Romania for the use and benefit of RE&C S.R.L. SF-Bau Ploiesti's parent, SF- Bau Drei Vermögensverwaltung GmbH, was also a signatory to the Lease Agreement. *See* Lease Agreement, attached as Exhibit A to Diwok Affidavit.

14. On November 6, 1998, RECI as Guarantor and SF-Bau Drei Vermögensverwaltung GmbH as Guarantee entered into a Lease Guarantee ("Lease Guarantee"), whereby RECI guaranteed certain payments of the Lease Agreement on behalf of RE&C. *See* Lease Guarantee attached as Exhibit B to Diwok Affidavit.

15. On July 7, 2000, Washington Group International acquired RE&C from RECI and Raytheon Company. RE&C S.R.L., being a wholly owned subsidiary of RE&C, was renamed Washington Group Romania S.R.L. ("WGR"). (*See* Award Sentence, p. 2, ¶ 3, attached as Exhibit C to Diwok Affidavit.),

16. For reasons not relevant to issues presented in the instant action, as a result of the restructuring of several corporations, RECI currently controls WGR.

17. Beginning in July of 2000 and at least through July 9, 2003, RE&C by and through WGR, failed to pay the full contracted amount of rent due under the Lease Agreement.

The amount owed under the award is U.S. $3,488,114.50, plus eight and one half percent (8.5%) annual interest on capital of U.S. $3,107,875.52 from July 9, 2003 until the date of payment.

18.     Beginning in July of 2000 and through at least July 9, 2003, RECI as Guarantor failed to pay the full contracted amount of rent due under the Lease Agreement. The amount owed is U.S. $3,488,114.50, plus eight and one half percent (8.5%) annual interest on capital of U.S. $3,107,875.52 from July 9, 2003 until the date of payment.

19.     Pursuant to the terms of the Lease Agreement and Lease Guarantee, all disputes arising out of or in connection with the Lease Agreement and Lease Guarantee were to be settled under the rules of arbitration of the International Chamber of Commerce ("ICC") by three (3) arbitrators appointed in accordance with ICC rules. Zurich, Switzerland was determined to be the place of arbitration. *See* Lease Agreement, p. 20, ¶14.0, and Lease Guarantee, p.4, ¶4, attached as Exhibits A and B to Diwok Affidavit.

20.     On February 1, 2002, the petitioner, SF-Bau Ploiesti, filed a Request for Arbitration with the Secretariat of the ICC International Court of Arbitration. SF-Bau Ploiesti sought to recover from RECI sums owed to it by RECI under the lease guarantee due to WGR's (the lessee's) failure to pay the full contracted amount of rent due under the Lease Agreement. *See* Award Sentence, pp. 2-3, ¶¶1-12, attached as Exhibit C to Diwok Affidavit.

21.     SF-Bau Ploiesti designated Dr. Christian Hausmaninger of Vienna, Austria, as its party appointed arbitrator; RECI designated Dr. Christoph Liebscher of Vienna, Austria, as its party appointed arbitrator; and the ICC International Court of Arbitration appointed Dr. Christoph M. Pestalozzi of Zurich, Switzerland, as Chairman of the arbitral tribunal (hereinafter "Arbitral Tribunal"). *See* Award Sentence, p. 3, ¶¶12-17, attached as Exhibit C to Diwok Affidavit.

MCT/137417.5                                                     5

22. Arbitration proceedings commenced on December 4, 2002 in Zurich, Switzerland, to determine whether the Arbitral Tribunal had jurisdiction. Dr. Georg Diwok of Vienna, Austria, appeared as lead counsel and attorney of record for the petitioner, SF-Bau Ploiesti. Dr. Friedrich Jergitsch, Vienna, Austria, appeared as lead counsel and attorney of record for the respondent, Raytheon Engineers and Constructors International, Inc. *See* Award Sentence, pp. 1, 4-12, ¶¶29-76, attached as Exhibit C to Diwok Affidavit.

23. Upon review of written briefs and consideration of oral argument at the December 4, 2002 hearing, the Arbitral Tribunal ruled that it had jurisdiction over the dispute. *See* Award Sentence, pp. 4-12, ¶¶29-76, attached as Exhibit C to Diwok Affidavit.

24. The parties then filed with the Arbitral Tribunal Briefs and Reply Briefs as to the merits. *See* Award Sentence, p. 4, ¶¶24-26, attached as Exhibit C to Diwok Affidavit.

25. From July 8-11, 2003, the Arbitral Tribunal convened the arbitration on the merits in Vienna, Austria. The parties were afforded a full and fair opportunity to be heard before the Arbitral Tribunal. At the arbitration hearing, the parties presented evidence, both testimonial and documentary, relevant to the matter in controversy. Sixteen (16) witnesses appeared before the Arbitral Tribunal on behalf of both SF-Bau Ploiesti and RECI. *See* Award Sentence, p. 4, ¶27, attached as Exhibit C to Diwok Affidavit.

26. On September 12, 2003, the parties filed Post-Hearing Briefs together with the parties' statements of fees and expenses. On September 22, 2003, SF-Bau Ploiesti commented on RECI's statement of costs. On November 5, 2003, RECI filed an Answer to SF-Bau Ploiesti's claim for fees and expenses. *See* Award Sentence, p. 4., ¶¶27-28, attached as Exhibit C to Diwok Affidavit.

27. On February 9, 2004, the Arbitral Tribunal issued the Award. The parties were duly served with a copy of the Award. *See* copy of DHL receipt, attached as Exhibit E to Diwok Affidavit.

28. Pursuant to the terms of the Award, the Arbitral Tribunal ordered RECI to pay SF-Bau Ploiesti U.S. $3,107,875.52 for due rent. *See* Award Sentence, p. 37-38, ¶¶259-270 and p. 43 (Holding 1), attached as Exhibit C to Diwok Affidavit.

29. Pursuant to the terms of the Award, the Arbitral Tribunal ordered RECI to pay SF-Bau Ploiesti interest in the amount of U.S. $250,237.00. *See* Award Sentence, p. 39-40 and 43, ¶¶277-286 and Holding ¶1, attached as Exhibit C to Diwok Affidavit.

30. Pursuant to the terms of the Award, the Arbitral Tribunal ordered RECI to pay SF-Bau Ploiesti interest on U.S. $3,107,875.22 calculated from July 9, 2003 to the date of payment at a rate of eight (8) percentage points over the base interest rate fixed by the Austrian National Bank, the base interest rate in effect on December 31 applying to the following six months, starting with January 1, and the base interest rate in effect on June 30 applying to the following six months, starting on July 1, limited to a maximum of eight and one half percent (8.5%) per year. *See* Award Sentence, p. 39-40 and 43, ¶¶277-286 and Holding ¶2, attached as Exhibit C to Diwok Affidavit.

31. Pursuant to the terms of the Award, the Arbitral Tribunal ordered RECI to pay SF-Bau Ploiesti for ICC International Court of Arbitration administrative expenses, as well as the fees and expenses of the Arbitral Tribunal in the amount of U.S. $108,477.00. *See* Award Sentence, p. 40 and 43, ¶¶290-298 and Holding ¶3, attached as Exhibit C to Diwok Affidavit.

32. Pursuant to the terms of the Award, the Arbitral Tribunal ordered RECI to pay SF-Bau Ploiesti for attorneys fees and related costs totaling Euros €171,305.10 and Great

Britain £4,607.75. *See* Award Sentence, p. 41-43, ¶¶290-298 and Holding ¶3, attached as Exhibit C to Diwok Affidavit.

33. Pursuant to the terms of the Award, the Arbitral Tribunal ordered that all other claims and requests be dismissed. *See* Award Sentence, p.43, Holding ¶4, attached as Exhibit C to Diwok Affidavit.

34. ICC Arbitration Award No. 11995/DK was served upon RECI through its counsels, Dr. Friedrich Jergitsch and Dr. Guenther Horvath on February 16, 2004. See Postal Return Receipt signed by Dr. Jergitsch's assistant, Astrid Thomann, attached as Exhibit E.

### V. THE AWARD SHOULD BE CONFIRMED PURSUANT TO THE FAA

35. Section 207 of the FAA provides that a party may seek to have a foreign arbitral award confirmed within three (3) years of the making of the award, and the Court should confirm it "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. §207.

36. It has been less than three (3) years since the Award was made on February 9, 2004.

37. Article V of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards specifies the seven (7) grounds on which this Court may rely in refusing to enforce a foreign arbitral award. 9 U.S.C. §§ 201 – 208.

38. The Respondent can make no showing or present any credible evidence that any of the grounds for refusal to enforce the Award are present in this matter.

39. Confirmation of the Award pursuant to 9 U.S.C. §207 does not conflict with 9 U.S.C. §§1-16 as the Award would be confirmable under 9 U.S.C. §9 if it were applicable.

40. The Award is not subject to an appeal within the framework of the ICC rules. ICC awards may be set aside only by a state court pursuant to the laws applicable in the seat of the arbitration. In this case the seat of the arbitration was Zurich, Switzerland; hence, the award could only be challenged before a court of competent jurisdiction in Switzerland.

41. In accordance with Art 101(1) of the Swiss Private International Law Statute, an appeal of an ICC award, framed as a motion to set aside, may be heard within thirty (30) days of the date of the award.

42. No timely challenge was filed by RECI in any Swiss court within the thirty (30) day limitations period of Art 101(1) of the Swiss Private International Law Statute.

43. As is standard practice, the petitioner inquired of the Swiss Federal Tribunal on March 9, 2004 if a motion to set aside the Award had been filed by the respondent. By letter dated March 24, 2004, the chancellery of the Swiss Federal Tribunal confirmed that no proceedings to challenge or set aside the award of February 9, 2004 in ICC matter No. 11.995/DK had commenced. *See* Correspondence from Secretariat of Swiss Supreme Court dated March 24, 2004, a true and accurate copy of which is attached as Exhibit D to the Diwok Affidavit.

44. Since March 24, 2004, no such motion has been served on the petitioner.

45. No further confirmation or writ or other procedural device of any nature from either the ICC or the Swiss Court is necessary for this Court to declare the Award enforceable.

46. The respondent has exhausted all remedies and opportunities to challenge either the procedural or substantive findings of the Arbitral Tribunal under Swiss law.

47. The petitioner's claim is ripe for enforcement by this Court.

**WHEREFORE**, for the reasons stated herein, SF-Bau Ploiesti respectfully petitions this Court, pursuant to the provisions of Section 207 of the FAA, for an Order:

1. Confirming the Arbitral Award;

2. Directing that Judgment enter against the respondent Raytheon Engineers & Constructors International, Inc. in accordance with the Award of the Arbitral Tribunal in the amount of U.S. $3,107,875.52;

3. Directing that Judgment enter against the respondent Raytheon Engineers & Constructors International, Inc. for interest in accordance with the Award of the Arbitral Tribunal in the amount of U.S. $250,237.00;

4. Directing that Judgment enter against the respondent Raytheon Engineers & Constructors International, Inc. for additional interest on the total sum of the judgment calculated in accordance with the Award of the Arbitral Tribunal;

5. Directing that Judgment enter against the respondent Raytheon Engineers & Constructors International, Inc. for the fees and expenses of the Arbitral Tribunal in the amount of U.S. $108,477.00, in accordance with the Award of the Arbitral Tribunal, plus such additional post-judgment interest until the date of payment, as this Court may determine just;

6. Directing that Judgment enter against the respondent Raytheon Engineers & Constructors International, Inc. for attorneys fees and related costs totaling Euros €171,305.10 and Great Britain £4,607.75 in accordance with the Award of the Arbitral Tribunal, plus such additional post judgment interest until the date of payment, as this Court may determine just;

7. Directing the respondent Raytheon Engineers & Constructors International, Inc. to pay the fees and expenses of this Petition to Confirm Foreign Arbitral Award; and

8. For such other relief as this Court may deem appropriate and just.

SF-BAU PLOIESTI S.R.L.
By its attorneys,

*[signature]*

James D. Masterman, Esq. (BBO #324000)
Dennis M. Lindgren, Esq. (BBO #648007)
Masterman, Culbert & Tully LLP
One Lewis Wharf
Boston, MA 02110
(617) 227-8010

Date: August 18, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _SF-Bau Ploiesti SRL v. Raytheon Engineers & Constructors International, Inc._

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.                   **04-11806WGY**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _N/A_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___   **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___   **NO**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___   **NO**

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___   **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   **YES**   NO ___

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      **EASTERN DIVISION**      CENTRAL DIVISION      WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION      CENTRAL DIVISION      WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _James D. Masterman, Esq._
ADDRESS _One Lewis Wharf Boston MA 02110_
TELEPHONE NO. _617 227-8010_

(Cover sheet local.wpd - 11/27/00)

%JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SF-BAU Ploiesti S.R.L.

(b) County of Residence of First Listed Plaintiff   Ploiesti, Romania
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Raytheon Engineers & Constructors International, Inc.

County of Residence of First Listed   Middlesex, Massachusetts
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James D. Masterman, Esq. (BBO# 324000)
Dennis M. Lindgren, Esq. (BBO# 648007)
Masterman, Culbert & Tully LLP (617) 227-8010
One Lewis Wharf, Boston, MA 02110

Attorneys (If Known)
04-11806 WGY

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws |  | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other |  | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | LABOR | SOCIAL SECURITY | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  |  |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act |  | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: |  | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☒ 890 Other Statutory Actions |
|  |  | ☐ 550 Civil Rights | Security Act | 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff petitions pursuant to 9 U.S.C. §207 to confirm foreign arbitral award entered against domestic defendant by ICC International Court of Arbitration sitting in Switzerland.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23   $+3,500,000
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
Plus costs, fees and interest.
JUDGE _____   DOCKET NUMBER _____

DATE  8/18/04
SIGNATURE OF ATTORNEY OF RECORD  [signature]

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____