THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

SF-BAU PLOIESTI S.R.L.,       )
                )
       Petitioner,      )   C.A. NO. 04-11806 WGY
                )
                )
     vs.           )
                )
                )
RAYTHEON ENGINEERS & CONSTRUCTORS   )
INTERNATIONAL, INC.,        )
                )
       Respondent.     )
_____ )

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

    Pursuant to F.R.C.P. 55, Petitioner, SF-Bau Ploiesti S.R.L. ("SF-Bau Ploiesti"), hereby

files this Motion for Entry of Default Judgment and states:

1.    On August 18, 2004, SF-Bau Ploiesti filed a Petition pursuant to Section 207 of the

Federal Arbitration Act, 9 U.S.C. §207, to confirm a final foreign arbitral award dated February

9, 2004 (the "Award"), rendered in an arbitration between petitioner, SF-Bau Ploiesti S.R.L.,

and respondent, Raytheon Engineers and Constructors International, Inc. ("RECI"). *See* court

docket entry #1.

2.    Pursuant to the terms of the Award, the Arbitral Tribunal ordered: (a) RECI to pay SF-

Bau Ploiesti U.S. $3,107,875.52 for due rent; (b) RECI to pay SF-Bau Ploiesti interest in the

amount of U.S. $250,237.00; (c) RECI to pay SF-Bau Ploiesti interest on U.S. $3,107,875.22

calculated from July 9, 2003 to the date of payment at a rate of eight (8) percentage points over

the base interest rate fixed by the Austrian National Bank, the base interest rate in effect on

MCT/103078.1MCT/142429.1

December 31 applying to the following six months, starting with January 1, and the base interest rate in effect on June 30 applying to the following six months, starting on July 1, limited to a maximum of eight and one half percent (8.5%) per year; (d) RECI to pay SF-Bau Ploiesti for ICC International Court of Arbitration administrative expenses, as well as the fees and expenses of the Arbitral Tribunal in the amount of U.S. $108,477.00; (e) RECI to pay SF-Bau Ploiesti for attorneys fees and related costs totaling Euros €171,305.10 and Great Britain £4,607.75; and (f) that all other claims and requests be dismissed. *See* court docket entry #4, Award Sentence, pp. 37-43, ¶¶ 259-298 and Holding ¶¶ 1-4, attached as Exhibit C to Affidavit and Certification by Dr. Georg Diwok in Support of Petition to Confirm Foreign Arbitral Award.

3.      On August 20, 2004, service of process was made upon RECI pursuant to F.R.C.P. 4(h)(1) by mailing and serving in hand the following pleadings:

        (a)     Summons;

        (b)     Petition to Confirm Foreign Arbitral Award with Affidavit and Certification by Dr. Georg Diwok in Support of Petition to Confirm Foreign Arbitral Award; and

        (c)     Corporate Disclosure Statement of Petitioner SF-Bau Ploiesti S.R.L.

*See* court docket entry #5, Affidavit of Service of Process executed by Dennis M. Lindgren, Esq.

4.      On September 8, 2004, by and through its counsel, RECI formally appeared in the present litigation pursuant to F.R.C.P. 11 by filing both a Corporate Disclosure Statement and an Assented to Motion for Extension of Time to Respond to Petition to Confirm Foreign Arbitral Award. *See* docket entry ##6-7.   On September 9, 2004, this Court granted RECI's Motion, allowing it until September 30, 2004 to Answer SF-Bau Ploiesti's Petition.

5.      On September 30, 2004, RECI again filed  an Assented to Motion for Extension of Time

to Respond to Petition to Confirm Foreign Arbitral Award.  *See* court docket entry #8.  On

October 1, 2004, this Court granted RECI's Motion, allowing it until October 18, 2004 to

Answer SF-Bau Ploiesti's Petition.

6.      RECI failed to Answer SF-Bau Ploiesti's Petition by October 18, 2004 as was Ordered by

the Court.  RECI's failure to plead and defend the allegations contained in SF-Bau Ploiesti's

Petition constitutes a Default pursuant to F.R.C.P. 55.

7.      There exist no defenses which have been raised by RECI to the recognition by this Court

of the Foreign Arbitral Award.

8.      RECI is not an infant or incompetent person and is not a person in military service as

defined in Article I of the "Soldiers' and Sailors' Civil Relief Act of 1940," as amended.


        WHEREFORE, the Petitioner, SF-Bau Ploiesti S.R.L. respectfully requests that the Court

enter a default judgment against the Respondent, Raytheon Engineers & Constructors

International, Inc., confirm the Foreign Arbitral Award and Order Raytheon Engineers &

Constructors International, Inc. to pay the following damages to SF-Bau Ploiesti S.R.L.:

        (a)     U.S. $3,107,875.52 for due rent;

        (b)     U.S. $250,237.00 for due interest;

        (c)     Interest on U.S. $3,107,875.22 calculated from July 9, 2003 to the date of

payment at a rate of eight (8) percentage points over the base interest rate fixed by the Austrian

National Bank, the base interest rate in effect on December 31 applying to the following six

months, starting with January 1, and the base interest rate in effect on June 30 applying to the

following six months, starting on July 1, limited to a maximum of eight and one half  percent (8.5%) per year;

(d)      U.S. $108,477.00 for ICC International Court of Arbitration administrative expenses, as well as the fees and expenses of the Arbitral Tribunal;

(e)      Attorneys fees and related costs totaling Euros €171,305.10 and Great Britain £4,607.75.

As well as the costs and attorneys fees related to the prosecution of this action and any other relief the Court may otherwise deem appropriate and just.

SF-BAU PLOIESTI S.R.L.,
By its attorneys,


_____/S/_____
James D. Masterman, Esq. (BBO #324000)
Masterman, Culbert & Tully LLP
One Lewis Wharf
Boston, MA  02110
(617) 227-8010


_____/S/_____
Dennis M. Lindgren, Esq. (BBO #648007)
Masterman, Culbert & Tully LLP
One Lewis Wharf
Boston, MA  02110
(617) 227-8010

Date:  October 20, 2004