UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SF-BAU Ploiesti S.R.L.,<br><br>                  Plaintiff,<br><br>v.<br><br>Raytheon Engineers & Constructors International, Inc.,<br><br>                  Defendant. | No. 04-11806 (WGY) |

## LIMITED OPPOSITION OF DEFENDANT
## RAYTHEON ENGINEERS & CONSTRUCTORS INTERNATIONAL, INC.
## TO MOTION FOR DEFAULT JUDGMENT

Defendant Raytheon Engineers & Constructors International, Inc. ("RECI") submits this limited opposition to the Motion for Entry of Default Judgment of plaintiff SF-Bau Ploiesti, S.R.L. ("SF-Bau Ploiesti") because SF-Bau Ploiesti is not entitled to attorneys' fees related to the prosecution of this action, or to an award of costs related to this action that are not expressly permitted by 28 U.S.C. § 1920.

1. SF-Bau Ploiesti filed a petition on August 18, 2004 pursuant to Section 207 of the Federal Arbitration Act seeking to confirm a foreign arbitral award dated February 8, 2004.

2. RECI has not filed an answer opposing confirmation of that award.

3. In addition to confirmation of the subject arbitral award pursuant to the Federal Arbitration Act, SF-Bau Ploiesti's Motion for Entry of Default Judgment also seeks an award of "costs and attorneys fees related to the prosecution of this action." (Motion for Entry of Default Judgment at 3).

4.  Attorneys' fees, however, "are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Fleischmann Distilling Corp v. Maier Brewing Co.,* 386 U.S. 714, 717 (1967); *accord Summit Valley Industries, Inc. v. United Brotherhood of Carpenters & Joiners,* 456 U.S. 717, 721 (1982).[1]

5.  There is no statutory authority for the award of attorneys' fees in an action to confirm an arbitral award pursuant to the Federal Arbitration Act. *See, e.g., Menke v. Monchecourt,* 17 F.3d 1007, 1009 (7th Cir. 1994) (affirming district court's refusal to award attorney's fees to prevailing party in confirmation action because "there is nothing in the Federal Arbitration Act which provides attorneys' fees to a party who is successful in seeking confirmation of an arbitration award in the federal courts"); *see also* 9 U.S.C. § 207.

6.  There are also no provisions in the subject arbitral award or in the arbitration agreement itself that would entitle SF-Bau Ploiesti to an award of attorneys' fees related to the prosecution of this action. (*See* Arbitral Award, attached as Exhibit A to Diwok Affidavit; Lease Guarantee, attached as Exhibit B to Diwok Affidavit).

7.  Because SF-Bau Ploiesti has not identified any authority to support its claim for attorneys' fees in this action[2] -- and because no such authority exists -- this Court should deny SF-Bau Ploiesti's Motion for Entry of Default Judgment to the extent it seeks an award of attorneys' fees related to the prosecution of this action, and to the extent it seeks costs related to the prosecution of this action that are not expressly permitted by 28 U.S.C. § 1920.

---

[1] The fact that a judgment is entered on default does not alter this general principle. *Tyco Intern. (US) Inc. v. John Does, 1-3,* 2003 WL 23374767, at *5 (S.D.N.Y. 2003).

8.      Because SF-Bau Ploiesti has not sought a sum certain pursuant to Fed. R. Civ. P. 55, and has not calculated the total amount of the judgment it seeks, RECI also reserves its right to contest the calculation and amount of each component of the total award for which SF-Bau Ploiesti seeks confirmation. *See, e.g., Bonilla v. Trebol Motors Corp.,* 150 F.3d 77, 82 (1st Cir.), *cert. denied* 526 U.S. 1098 (1998) (upon entry of default judgment, defendant must be afforded an opportunity to contest damages).

For the foregoing reasons, defendant RECI respectfully requests that this Court deny SF-Bau Ploiesti's Motion for Entry of Default Judgment to the extent it seeks an award of attorneys' fees related to the prosecution of this action, and to the extent it seeks costs related to the prosecution of this action not expressly permitted by 28 U.S.C. § 1920.

Respectfully Submitted,

**Raytheon Engineers and Constructors International, Inc.,**
By its attorneys,

/s/ Paul J. Lambert
Paul J. Lambert, BBO # 283880
William S. D. Cravens, BBO # 641072
**BINGHAM McCUTCHEN LLP**
Suite 800, 1120 20th Street, N.W.
Washington, D.C. 20036
Tel. (202) 778-3183
Fax. (202) 778-6155


Dated:  October 25, 2004

---

[2] Pursuant to Fed. R. Civ. P. 54(d), claims for attorneys fees "shall be made by motion" and must specify "the statute, rule or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought."

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I caused a true copy of the above document to be served upon the attorneys of record for all parties by electronic and/or US mail on October 25, 2004.

                      <u>/s/ Paul J. Lambert</u>
                      Paul J. Lambert

DCDOCS 612905.1